## McLemore *v*. McLemore

No. 40353 January 21, 1957 92 So. 2d 199

*Charles A. Carter,* Jackson, for appellant.

*Barnett, Jones & Montgomery, Carl C. Bostic,* Jackson, for appellee.

HALL, J.

The parties hereto were formerly husband and wife and on May 23, 1955 they entered into a written separation agreement settling the property rights between them as well as the custody and support of their two minor children. Under the agreement the appellee was to have the home situated at 720 Lindsey Drive in the City of Jackson, Mississippi, being otherwise described as Lot 20 of Block "D" of Larchmont Subdivison, including the furniture and fixtures and house hold articles contained therein, and the appellant on said date executed a deed conveying said propery to her. She was to have the custody of the children, with the right of reasonable visitation with him at reasonable times and intervals, and he was to pay her $75.00 per month for the support and maintenance of said children, being $37.50 for each of them. In addition he was to pay her $50.00 per month which the agreement says is alimony but further says that the said sum of $50.00 per month represents the amount necessary to make the monthly payment on said home, and she was to have no further claim against him for alimony for herself. She agreed that in the event she should ever sell said property she would require any purchaser to refinance said property completely in order to remove his secondary liability on the note and deed of trust against said property. The agreement further contained this provision:

"6. Mrs. Anne Gordon McLemore further agrees that in the event she fails to keep the payments made on the

home property and the same is threatened by foreclosure, she will reconvey said property back to Mr. Floyd M. McLemore before she allows the same to be foreclosed. This provision shall apply only so long as Floyd M. McLemore has discharged his obilgation for making the alimony payments herein stipulated."

The agreement also provided that it was subject to approval by the chancery court.

On the same date the appellant executed a deed of conveyance to the appellee for said property in consideration primarily of the property settlement by and between the parties and in consideration of the grantee assuming the balance due and owing on a note and deed of trust to First Federal Savings & Loan Association of Jackson, Mississippi.

Shortly thereafter the appellee filed a suit for divorce against the appellant which was not contested, and on July 11, 1955, she obtained a decree of divorce which awarded the custody and control of the two minor children unto her with the right of appellant of reasonable visitation with said children at reasonable times and intervals, together with the sum of $75.00 per month for the support of said children, said payments to be made on or before the 15th day of each month and she was also awarded the sum of $50.00 per month "as alimony to be used by her in making the monthly payments" on said property. The decree also approved and ratified the written property settlement.

Thereafter the appellant herein commenced paying said $75.00 per month and said $50.00 per month to the appellee. She did not apply the $50.00 payments on the indebtedness aforesaid for the months of October and November, and she did not make the payment due December 1st. On December 1st, 1955, the First Federal Savings & Loan Association wrote the appellee that the payments for October, November and December were due and further stated "the loan committee has in-

structed me to notify you that unless the account is made current within the next five days, we will be forced to file notice of intention to foreclose with the Veterans Administration". A copy of that notice was also sent to the appellant who went to the attorney for the First Federal Savings & Loan Association and had an agreement that if he would pay one of the delinquent installments, the Association would carry the other two for a reasonable time. On December 7, 1955, the appellant paid one òf the installments and did not send the $50.00 to the appellee. On the same date he filed his bill of complaint in this cause asking the court to compel a reconveyance of said property back to him. Answer was duly filed by the appellee and the case went to trial on the merits. At the conclusion of appellant's evidence the lower court sustained a motion of the appellee to exclude appellant's evidence and to enter a decree for the appellee dismissing the bill of complaint. This motion was sustained by the lower court. He dictated an opinion into the record holding that the suit was prematurely brought, that the language hereinabove quoted should be construed as written. He further held that the appellee has up until the time of foreclosure to convey the property back to appellant and he accordingly dismissed the bill of complaint with prejudice.

██ █ We think that the chancellor was in error in holding that the appellee had up until the time of foreclosure in which to convey the property back, ██ █ but we do agree in his finding that the suit was prematurely brought.

The agreement provides that if the appellee fails to keep the payments made on the property "and the same is threatened by foreclosure" she will reconvey the property to him "before she allows the same to be foreclosed". We do not think that the letter of December 1, 1955, was a threat of foreclosure. It was merely a notice

that three payments on the loan were due and that unless the account is made current within the next five days, the Association would be forced, not to begin foreclosure, but to file a notice of intention to foreclose with the Veterans Administration, which agency, according to the pleadings, had insured the loan. The Veterans Administration might or might not have consented to foreclosure proceedings and we repeat that we do not think the letter constituted an actual threat of foreclosure.

██ ██ The above quoted paragraph 6 of the separation agreement stated that the provision for reconveyance of the property would apply only so long as appellant has discharged his obligation for making the $50.00 per month payments. He did not make the December payment, according to his own admission, but, instead, he took this money and paid it directly to the Loan Association. Since he had not complied with his obligation under the agreement, he was not entitled to force the appellee to comply with her obligation to reconvey the property to him.

██ ██ We do not know whether any payments have been made to the appellee since the decree in this case nor do we know whether the payments on the loan have been kept current, but we affirm the decree dismissing the bill of complaint but amend the order of dismissal so as to show that it is affirmed without prejudice to the rights of appellant to file another suit in the event developments warrant it.

Affirmed as modified.

*Roberds, P. J.,* and *Lee, Kyle* and *Holmes,* JJ., concur.